Filed 2/9/24  P. v. Sepulveda CA6

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>AARON EUGENE SEPULVEDA,<br><br>    Defendant and Appellant. | H051142<br>(Santa Clara County<br> Super. Ct. No. 18CR008296) |

## I.  INTRODUCTION

A jury convicted defendant Aaron Eugene Sepulveda of the following offenses: aggravated sexual assault of a child under the age of 14 by rape (Pen. Code, §§ 269, subd. (a)(1), 261, subd. (a)(2); count 1),[1] forcible rape of a child under the age of 14 (§ 261, subd. (a)(2); count 2), two counts of forcible lewd act on a child under the age of 14 (§ 288, subd. (b)(1); counts 3 & 9), sexual intercourse with a child aged 10 or younger (§ 288.7, subd. (a); count 4), three counts of lewd act on a child under the age of 14 (§ 288, subd. (a); counts 5, 13 & 14), sodomy with a child aged 10 or younger (§ 288.7, subd. (a); count 7), aggravated sexual assault of a child under the age of 14 by forcible oral copulation (§ 269, subd. (a)(4), former § 288a, subd. (c)(2); count 8), and two counts

---

[1] All further statutory references are to the Penal Code.

of oral copulation with a child aged 10 or younger (§ 288.7, subd. (b); counts 10 & 12).[2] The jury found true allegations that defendant personally inflicted great bodily injury (§ 12022.8) and personally inflicted bodily harm upon a child under the age of 14 (§ 667.61, subds. (d)(7) & (j)(1)) regarding counts 1 through 3. The jury also found true the allegation that defendant personally inflicted bodily harm (§ 288, subd. (i)) regarding count 5.

The trial court sentenced defendant to prison for life without the possibility of parole, consecutive to 55 years to life, consecutive to eight years. The sentence was calculated as follows: life without the possibility of parole on count 2, a consecutive term of 25 years to life on count 7, a consecutive term of 15 years to life on count 8, a consecutive term of 15 years to life on count 12, and consecutive terms of six years on count 13 and two years on count 14. Pursuant to section 654, the trial court imposed and stayed the punishment on the following counts: life without the possibility of parole on counts 1 and 3, 25 years to life on count 4, seven years to life on count 5, nine years on count 9, and 15 years to life on count 10.

In defendant's first appeal from the judgment, he asserted among other contentions that this matter must be remanded for resentencing so the trial court may exercise its discretion under recently amended section 654 to determine which counts to stay. The Attorney General conceded the issue. Accordingly, this court reversed the judgment and remanded the matter for the trial court to apply the amended version of section 654 at resentencing, to correct the sentence on count 9 by selecting the eight-year middle term (§ 288, subd. (b)(1)), and to correct any errors in the abstract of judgment. (*People v. Sepulveda* (July 20, 2022, H049107) [nonpub. opn.].) This court's opinion stated that upon remand, "the parties may address in the first instance whether amended section 654 applies to, for example, count 2," noting a recent Court of Appeal decision that held a

---

[2] The jury found defendant not guilty of two counts of forcible lewd act on a child under the age of 14 (§ 288, subd. (b)(1); counts 6 & 11).

trial court does not have discretion under amended section 654 to suspend or stay a sentence imposed under section 667.61.

At resentencing, the trial court corrected the sentence concerning count 9 and imposed the same aggregate sentence, determining that amended section 654 could not be applied to sentences imposed under section 667.61. Defendant contends the trial court erred in finding that section 654 may not be applied to sentences imposed under section 667.61. The Attorney General concedes remand for resentencing is appropriate. We accept the Attorney General's concession and remand for resentencing to permit the trial court to exercise its discretion under amended section 654.

## II. BACKGROUND

Defendant committed numerous sexual offenses against his stepdaughter, who was under the age of 10 at the time of the charged offenses.[3] Further exposition of the facts relating to the charged offenses is not necessary to resolve the issue raised in this appeal.

At the time of defendant's initial sentencing hearing, section 654, subdivision (a) provided in relevant part: "An act or omission that is punishable in different ways by different provisions of law shall be punished under the provision that provides for the longest potential term of imprisonment, but in no case shall the act or omission be punished under more than one provision." (§ 654, former subd. (a).) Effective January 1, 2022, section 654, subdivision (a) was amended to read in relevant part: "An act or omission that is punishable in different ways by different provisions of law may be punished under either of such provisions, but in no case shall the act or omission be punished under more than one provision." (§ 654, subd. (a), as amended by Stats. 2021, ch. 441, § 1.) "Previously, under section 654, 'the sentencing court was required to impose the sentence that "provides for the longest potential term of imprisonment" and stay execution of the other term. [Citation.] . . . [S]ection 654 now provides the trial

_____

[3] This court granted defendant's request to take judicial notice of the record concerning defendant's initial appeal, case No. H049107.

3

court with discretion to impose and execute the sentence of either term, which could result in the trial court imposing and executing the shorter sentence rather than the longer sentence.' [Citation.]" (*People v. Jones* (2022) 79 Cal.App.5th 37, 45.) Thus, in defendant's initial appeal, this court agreed with defendant that this matter must be remanded for resentencing to apply amended section 654.

At resentencing, defendant asserted that the trial court had the discretion to apply amended section 654 to all counts that involved the same acts, including staying the sentences for counts 1 through 3, which were imposed pursuant to section 667.61. Thus, defendant asked the trial court to act as follows: "I am asking the [c]ourt, with respect to the grouping of [c]ounts 1, 2, 3, 4, and 5, which are all the same act, to impose a sentence of [seven years] to life for [c]ount 5, and to stay [life without the possibility of parole] for [c]ounts 1, 2, and 3, . . . and the sentence of 25-to-life for [c]ount 4, all stayed, pursuant to amended [section] 654 . . . ." Defendant acknowledged that at the time, only two published Court of Appeal decisions existed on the question of the applicability of amended section 654 to sentences imposed under section 667.61, and both were contrary to his position. However, defendant nonetheless contended that amended section 654 could apply to counts that involved section 667.61 sentences.

The trial court determined it had no authority under section 667.61 to grant defendant's request, citing the two Court of Appeal decisions contrary to defendant's position. The trial court corrected the sentence on count 9 to the middle term of eight years, which was stayed, but the trial court did not grant defendant's requested relief concerning counts 1 through 5 and defendant's total term remained the same: life without the possibility of parole, consecutive to 55 years to life, consecutive to eight years. This appeal followed.

### III. DISCUSSION

" ' "Defendants are entitled to sentencing decisions made in the exercise of the 'informed discretion' of the sentencing court." ' [Citation.] ' "[A] court that is unaware

4

of its discretionary authority cannot exercise its informed discretion." ' [Citation.] 'Generally, when the record shows that the trial court proceeded with sentencing on the erroneous assumption it lacked discretion, remand is necessary so that the trial court may have the opportunity to exercise its sentencing discretion at a new sentencing hearing.' [Citation.]" (*People v. Czirban* (2021) 67 Cal.App.5th 1073, 1096–1097.) When a statute retroactively supplies a trial court with sentencing discretion, remand is required unless the record provides "a clear indicator of how the trial court would exercise its new discretion . . . ." (*People v. Dryden* (2021) 60 Cal.App.5th 1007, 1033 (*Dryden*).)

The "One Strike" law, section 667.61, provides that "[a] person who is convicted of an offense specified in subdivision (c) . . . upon a victim who is a child under 14 years of age under one or more of the circumstances specified in subdivision (d) or under two or more of the circumstances specified in subdivision (e), shall be punished by imprisonment in the state prison for life without the possibility of parole." (§ 667.61, subd. (j)(1).) Defendant's convictions for counts 1 through 3 carried mandatory sentences of life without the possibility of parole under section 667.61. Counts 1 through 5 were all alleged to have occurred "[o]n or between August 26, 2018 through August 27, 2018," and at the initial sentencing hearing, defense counsel argued that defendant's conduct in counts 1 through 5 should be treated as the same act for purposes of section 654. Accordingly, at defendant's initial sentencing hearing the trial court imposed and stayed the sentences for counts 1 (life without the possibility of parole), 3 (life without the possibility of parole), 4 (25 years to life), and 5 (seven years to life) under section 654, imposing the sentence of life without the possibility of parole for count 2. On resentencing, the trial court maintained the same sentences for counts 1 through 5, finding that section 654 did not permit it to stay the life without the possibility of parole sentences for counts 1 through 3 in favor of the seven-years-to-life sentence on count 5, as defendant requested.

Section 667.61, subdivision (h) states:  "Notwithstanding any other law, probation shall not be granted to, nor shall the execution or imposition of sentence be suspended for, a person who is subject to punishment under this section."  Based on this language, two Court of Appeal decisions issued before defendant's resentencing in this case concluded that section 654 does not permit a trial court to stay a sentence imposed under section 667.61 in favor of a shorter sentence not mandated under section 667.61.  (*People v. Caparaz* (2022) 80 Cal.App.5th 669, 690 (*Caparaz*) [trial court "has no discretion to suspend or stay the One Strike law sentence for count 4 in favor of the shorter non-One Strike law sentence for count 3 notwithstanding the amendment to section 654, and there is no need to remand for resentencing"]; *People v. Bolanos* (2023) 87 Cal.App.5th 1069, 1086 [agreeing with *Caparaz* that section 667.61, subdivision (h) "means section 654 does not apply to the One Strike law"].)  However, after defendant's resentencing in this case, the Court of Appeal in *People v. Govan* (2023) 91 Cal.App.5th 1015, 1035 (*Govan*) held that "section 667.61, subdivision (h), does not divest the trial court of discretion under section 654 to stay a sentence imposed under the one strike law."  The court in *Govan* held:  "Reasonably read, section 667.61, subdivision (h), prohibits only probation and not a stay under section 654.  The language in subdivision (h) is unique to a grant of probation.  Moreover, section 667.61, subdivision (h), is intended to increase the punishment for forcible sex offenses, whereas section 654 is intended to ensure the punishment for an offense is commensurate with a defendant's culpability where two crimes arise from a single, indivisible course of conduct.  Because the one strike law does not preclude a stay under section 654, Govan is entitled to resentencing under amended section 654."  (*Id*. at p. 1020, fn. omitted.)

The Attorney General concedes that under *Govan*, which was decided after defendant's resentencing hearing, remand for resentencing is appropriate to permit the trial court to consider whether to grant defendant's request to stay the sentence on counts 1 through 3 in favor of the shorter sentence on count 5.  Moreover, the Attorney General

concedes that the record does not clearly indicate the trial court would have imposed the same sentence if it had recognized its discretion under amended section 654.

We accept the Attorney General's concession that under *Govan*, the One Strike law did not prohibit the trial court from staying the sentences for counts 1 through 3 under amended section 654 in favor of the shorter sentence for count 5, as defendant requested. The recent amendments to section 654 were passed well after the One Strike law went into effect. Despite the language of section 667.61, subdivision (h) stating that "the execution or imposition of sentence" shall not be "suspended," the Legislature later expanded sentencing relief under amended section 654, allowing the trial court to impose sentence "under either of such provisions" when an act or omission is punishable in different ways by different provisions of law. (§ 654, subd. (a).) If the Legislature intended section 667.61, subdivision (h) to carve out an exception to section 654, the Legislature had the opportunity to so state when it amended section 654. We therefore accept the Attorney General's concession and follow *Govan*'s holding that "the one strike law does not preclude a stay under section 654 . . . ." (*Govan*, *supra*, 91 Cal.App.5th at p. 1020.)

At the initial sentencing hearing, the trial court stated that "defendant's conduct was egregious, one of the worst I have seen in 30 years in the criminal justice field," and therefore defendant "must be held accountable for his conduct." At resentencing, the trial court declined defense counsel's request to impose the sentence for count 9 and stay the sentence as to counts 8 and 10 under section 654, "based upon the extreme conduct in this case . . . ." Nonetheless, the trial court did not have the opportunity to exercise its discretion as to the applicability of section 654 to counts 1 through 5. Because the Attorney General concedes that the record does not provide a "clear indicator of how the trial court would exercise its new discretion," defendant is entitled to resentencing under amended section 654. (*Dryden*, *supra*, 60 Cal.App.5th at p. 1033.)

## IV.  DISPOSITION

The judgment is reversed and the matter is remanded to the trial court for full resentencing under current law.

_____
BAMATTRE-MANOUKIAN, J.

WE CONCUR:

_____
GREENWOOD, P.J.

_____
WILSON, J.

*People v. Sepulveda*
**H051142**